PRICE LAW GROUP, APC
Stuart M. Price (SBN 150439)
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
Stuart@pricelawgroup.com

Attorney for Plaintiff
ROBERT HINDERSTEIN

# DISTRICT COURT OF CALIFORNIA

# IN THE CENTRAL DISTRICT

ROBERT HINDERSTEIN

    Plaintiff,

vs.

MACY'S CORPORATE SERVICES INC., a corporation; BLOOMINGDALES INC., a corporation; DEPARTMENT STORES NATIONAL BANK, a corporation,

    Defendant(s).

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

(Unlawful Debt Collection Practices)

Demand Exceeds $10,000

## **COMPLAINT FOR DAMAGES**

### I.    **INTRODUCTION**

1. Robert Hinderstein ("Plaintiff") brings this action against Macy's Corporate Services Inc., Bloomingdales, Inc., and Department Stores National Bank ("herein collectively Defendants") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC"), as well as the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibit creditors

from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## II. JURISDICTION

2. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

3. Venue and personal jurisdiction in this District are proper because Plaintiff resides in this District, Defendant's collection communications were received by Plaintiff within this District and Defendants transact business within this District.

## III. PARTIES

4. Plaintiff is a natural person residing in Agoura Hills, Los Angeles County, California 91301.

5. Plaintiff is a natural person from whom a debt collectors seek to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

6. Upon information and belief, Defendant Department Stores National Bank (hereinafter "DSNB"), a subsidiary of Citibank, N.A., is located in Sioux Falls, Minnehaha County, South Dakota and can be served with process by serving the Office of the President, Department Stores National Bank, located at 701 East 60th Street, Sioux Falls, SD 57104; D

7. Defendants Bloomingdales Inc. (hereinafter "Bloomingdales") and Macy's Inc. (hereinafter "Macy's") are both located at 7 West 7th Street, Hamilton County, Cincinnati, OH 45202 and each have their statutory agent in California, CSC Lawyer's Incorporating Service located at 2710 Gateway Oaks Drive Suite 150N Sacramento, CA 95833.

8. Upon information and belief, the telephone numbers (727) 556-5492; (727) 556-7300; (513) 754-9822; (513) 373-8028; (513) 754-9873; (727) 556-5772; (513) 573-7978; and (800) 295-4057 all belong to Defendants.

9. In the ordinary course of business, regularly, on behalf of itself or others, Defendants engage in debt collection. Thus, Defendants are a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c) and by the FDCPA, 15 U.S.C. § 1692a(6). Defendants regularly engage in the collection of debt by telephone in several states including, California.

10. Defendants businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

11. Within the last year, Defendants attempted to collect on consumer debt(s) from Plaintiff.

12. The debt(s) that Defendants are attempting to collect on are an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

13. During the course of their attempts to collect debt(s), Defendants sent to alleged debtor bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

14. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

15. Plaintiff will seek leave to amend this Complaint if it learns of any parties that should have been named, but were unknown to Plaintiff at the time of the filing of this complaint.

### IV. FACTUAL ALLEGATIONS

16. Defendants are attempting to collect alleged consumer debt(s) from Plaintiff.

17. Plaintiff's alleged debt(s) are money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction,

which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f), as well as the FDCPA 15 U.S.C. 1692a.

18. Upon information and belief, defendant Department Stores National Bank is the financial institution for all accounts held by Plaintiff for which defendant Macy's or Bloomingdale's were attempting to collect a debt.

19. Defendant Department Stores National Bank is listed on all statements or bills submitted by Defendants to Plaintiff and DSNB is the issuing bank of the Macy's and Bloomingdales store credit cards.

20. All of the accounts listed herein are related to Macy's and Bloomingdale's Department Stores, and as mentioned in paragraph 7 above, both appear to be owned or controlled by the same entity and are located at the same physical address.

21. Between the dates of April 17, 2015 and July 30, 2015, Defendants caused Plaintiff's cellular telephone number (818) 620-9430 to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

22. On May 6, 2015 at 5:18 pm, Plaintiff received a phone call from telephone number (800) 295-4057. Plaintiff answered the call and unequivocally revoked consent to be contacted on his cellular phone.

23. When Plaintiff answered the phone, he heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

24. Upon information and belief, telephone number (800) 295-4057 belongs to Department Stores National Bank, and upon information and belief, the calls were made in an attempt to collect on a Macy's and/or Bloomingdale's Account.

25. After the May 6, 2015 call, Plaintiff received approximately one-hundred fourteen (114) additional calls from telephone number (800) 295-4057.

26. Upon information and belief, the telephone numbers (727) 556-5492; (727) 556-7300; (513) 754-9822; (513) 373-8028; (513) 754-9873; (727) 556-5772; (513) 573-7978 belong to Defendants Macy's and/or Bloomingdales.

27. On May 19, 2015 at 11:10 am Plaintiff received a telephone call to his cellular telephone from number (727) 556-5772. Plaintiff answered his cellular phone and unequivocally revoked consent to be called.

28. Defendants continued to contact Plaintiff approximately one-hundred thirty-four (134) additional times regarding his Macy's and/or Bloomingdales account between May 19, 2015 and July 30, 2015.

29. When Plaintiff answered the May 19, 2015 collection call, Plaintiff heard a pause before the agent began to speak, indicating that the calls originated from an automated telephone dialing system.

30. On July 8, 2015 at 8:11 a.m., Plaintiff once again received a telephone call to his cellular telephone from number (800) 295-4057. Plaintiff answered his cellular phone and unequivocally revoked consent to be called for a second time.

31. In total, Plaintiff received approximately 248 phone calls related to his Macy's and/or Bloomingdale's accounts after he revoked consent to be called on his cellular phone.

32. The purpose of the repeated phone calls was an attempt to collect an alleged debt.

33. Defendants' are familiar with the FDCPA and RFDCPA.

34. Defendants' conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

35. Defendants' conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

36. The approximately two-hundred and fifty (250) phone calls placed from Defendants to Plaintiff's cellular phone after he revoked consent, caused Plaintiff extreme emotional distress and aggravation.

*//*

*//*

*//*

# V. **CAUSE OF ACTION**

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendants violated the TCPA. Defendant's violations include, but are not limited to the following:

    (a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    (b) Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowingly and/or willfully violated the TCPA.

39. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//
//
//

## COUNT II

## DEFENDNAT VIOLATED THE ROSENTHAL
## FAIR DEBT COLLECTION PRACTES ACT, CAL. CIV. CODE § 1788)

40. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

41. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    (i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    (ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (iii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

42. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

43. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and attorney's fees and costs.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Robert Hinderstein respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(b) Statutory damages of $1,000.00 pursuant to CAL. CIV. CODE § 1788.30(b); and

(c) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(d) Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(f) For such other and further relief as the Court may deem just and proper.

## VII. **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: October 9, 2015                    PRICE LAW GROUP, APC


By: ___*/s/ Stuart M Price*_____

Stuart M. Price (SBN 150439)
**Attorney for Plaintiff**
**Robert Hinderstein**